UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA PAPPONE, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>ALLIED INTERSTATE, LLC; SYNCHRONY BANK; and JOHN DOES 1-25.<br><br>Defendant(s). | Civil Case No.:_____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, PATRICIA PAPPONE, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, ALLIED INTERSTATE, LLC ("ALLIED"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.     As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.     The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.     Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.     ALLIED has a business location at 7525 W. Campus Road, New Albany, OHIO 43054.

8.     Upon information and belief, Defendant ALLIED is a business that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.     ALLIED is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10.     SYNCHRONY BANK, is located at 950 Forrer Blvd. Kettering, Ohio 45420.

11.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their

successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

13. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices containing ALLIED'S name and telephone number, concerning a debt owed to SYNCHRONY BANK/ASHLEY FURNITURE HOME STORE, which included the alleged conduct and practices described herein.

The Class period begins one year to the filing of this Action.

The class definition may be subsequently modified or refined.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether Defendant violated various provisions of the FDCPA;

   b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

   c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal

redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. ALLIED collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. ALLIED is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Sometime prior to March 30, 2017, Plaintiff allegedly incurred a financial obligation to SYNCHRONY BANK/ASHLEY FURNITURE HOME STORE ("SYNCHRONY").

18. SYNCHRONY is a "creditor" as defined by 15. U.S.C. § 1692a(4).

19. The alleged SYNCHRONY obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

20. Plaintiff incurred the SYNCHRONY obligation by purchasing goods and services which were primarily for personal, family and household purposes.

21. Plaintiff did not incur the SYNCHRONY obligation for business purposes.

22. At some prior to March 30, 2017 the SYNCHRONY obligation became past due.

23. At some prior to March 30, 2017 SYNCHRONY engaged ALLIED to collect the SYNCHRONY obligation.

24. At the time SYNCHRONY engaged ALLIED to collect the SYNCHRONY obligation the SYNCHRONY obligation was severely.

25. SYNCHRONY engaged ALLIED as a collection agency.

26. SYNCHRONY and/or ALLIED caused to be delivered to Plaintiff a letter dated March 30, 2017 concerning the alleged SYNCHRONY obligation, instructing Plaintiff to contact "Allied Interstate, LLC, the collection agency handling your account at 1-877-498-8563." A copy of said letter is annexed hereto as **Exhibit A**, is fully incorporated herein by reference except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

27. The envelope containing the March 30, 2017 letter also contained a flyer instructing Plaintiff to contact the "collection agency handling your account" and listed Allied Interstate, LLC, 1-877-498-8563.

28. The March 30, 2017 letter and flyer were sent or caused to be sent by persons employed by SYNCHRONY and/or ALLIED.

29. The March 30, 2017 letter and flyer are "communications" as defined by 15 U.S.C. § 1692a(2).

30. The March 30, 2017 letter and flyer contain the toll-free telephone number of ALLIED no less than three times.

31. The March 30, 2017 flyers offered Plaintiff a payment plan of "$369.34 in up to 3 installments."

32. The March 30, 2017 letter and flyer is a direct and/or indirect conveyance of information regarding Plaintiff debt to Plaintiff.

33. The March 30, 2017 letter and flyer was ALLIED's initial communication with Plaintiff.

34. The March 30, 2017 letter and flyer did not contain the validation required notices pursuant to 15 U.S.C. §169g(a)(1),(3),(4),(5).

## POLICIES AND PRACTICES COMPLAINED OF

35. It is SYNCHRONY and/or ALLIED policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

   (b) Failing to provide the required validation notices pursuant to 15 U.S.C. § 1692g(a) *et seq.*;

   (c) Designing forms to create the false belief that a entity other than SYNCHRONY is participating in the collection on the debt.

36. On information and belief, SYNCHRONY and/or ALLIED has sent written communications, in the form annexed hereto as Exhibit A to at least 50 natural persons in the State of New Jersey.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

38. Collection letters and/or notices, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39. 15 U.S.C. §1692g(a)(1),(3),(4),(5) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (1) the amount of the debt ---
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector ---
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and ---
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

40. Defendants violated §1692g(a)(1),(3),(4),(5) of the FDCPA by failing to provide required notices in ALLIED's initial communication with Plaintiff.

41. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e and 1692e(10) by failing to proved the required notice pursuant to §1692g(a)(1),(3),(4),(5) of the FDCPA.

42. Alternatively, SYNCHRONY violated 15 U.S.C. §1692j(a).

43. 15 U.S.C. §1692j(a) provides:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

44. SYNCHRONY violated 15 U.S.C. §1692j(a) by designing and mailing the March 30, 2017 letter and flyers, to create the false belief that ALLIED was participating in the collection of the debt, when in fact it was not so participating.

45. SYNCHRONY violated 15 U.S.C. §1692j(a) by designing and mailing the March 30, 2017 letter and flyers, to create the false belief that the debt was turn over to collection agency in order to instill a sense of urgency in Plaintiff.

46. 15 U.S.C. §1692j(b) provides:

> Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 1692k of this title for failure to comply with a provision of this subchapter.

47. SYNCHRONY is liable to Plaintiff and all others similarly situated under 15 U.S.C. §1692k *et seq.*,

48. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

49. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

50. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

51. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

52. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

53. Plaintiff has suffered damages as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against the Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Pre-judgment interest;

(d) Post judgment interest; and

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 30, 2018

                                      *s/ Joseph K. Jones*
                                      Joseph K. Jones, Esq.
                                      375 Passaic Avenue
                                      Fairfield, New Jersey 07004
                                      (973) 227-5900 telephone
                                      (973) 244-0019 facsimile
                                      jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                      */s/ Joseph K. Jones*
                                      Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 30, 2018

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

Case 3:18-cv-05087-MAS-LHG     Document 1     Filed 03/30/18     Page 14 of 17 PageID: 14

SYNCHRONY BANK
PO BOX 965033
ORLANDO, FL 32896-5033

March 30, 2017

PATRICIA PAPPONE

2631
F104

Account Number Ending In: 2655

## CALL Allied Interstate LLC
## 1-877-498-8563

**This is an important notice regarding your delinquent account. Call the number above as soon as possible to discuss your payment options. Failure to respond promptly could result in further steps being taken to collect the debt.**

Dear Patricia Pappone,

Your ASHLEY FURNITURE HOMESTORES/SYNCB account is now severely past due. Multiple attempts have been made to reach you. Please call to discuss payment options before we take additional steps to collect this debt.

For details, **please respond by April 11, 2017.** For more information on payment options, call the number above today.

**If you do not respond, we will consider additional options to pursue collection of this debt.**

To resolve this issue, contact Allied Interstate LLC, the collection agency handling your account, at 1-877-498-8563.

If you have disputed this debt, please disregard this letter.

Sincerely,

SYNCHRONY BANK

P.S. Don't delay, call 1-877-498-8563 today to discuss payment options.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
Account is owned by SYNCHRONY BANK

5302 9073 3600 1200 CB332 7089 FN00002631

# Reduce Your Debt

Call the number below, you could settle your
ASHLEY FURNITURE HOMESTORES/SYNCB account by paying a total of
$369.34 in up to 3 installments.

You must call before June 8, 2017!

Allied Interstate LLC
1-877-498-8563

Account Ending in: 2655

*Looking to save money?*

*This is a great opportunity and we hope you'll take advantage of this special offer. Now is your chance to pay off your credit card debt for only a fraction of what you owe.*

*Call the collection agency handling your account at the toll-free number mentioned in the letter today.*